# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL C. CONWAY, | ) |
|     Plaintiff, | ) |
| | )    CIVIL ACTION No. 3:14-82 |
| v. | ) |
| | )    JUDGE KIM R. GIBSON |
| DAVEY TREE EXPERT COMPANY | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

**I.    Introduction**

Plaintiff, Joel C. Conway ("Conway"), has filed this action against Defendant, The Davey Tree Expert Company ("Davey Tree"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, as well as under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951–963. Pending before the Court is Davey Tree's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). Defendant asserts that the ADA claim (Count I) is time-barred and that Plaintiff failed to exhaust his administrative remedies with respect to the PHRA claim (Count II). (ECF No. 9 at 3).

Having considered the parties' submissions and the applicable law, the Court will grant Davey Tree's motion to dismiss. However, Conway will be granted leave to file an amended complaint.

## II. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with regards to the ADA claim. This Court also has jurisdiction pursuant to 28 U.S.C § 1332 because the parties are in complete diversity and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in this judicial district.

## III. Background

### A. Procedural background

Conway initially filed the instant action in the Court of Common Pleas of Clearfield County, Pennsylvania. (ECF No. 1 at 1). The action was removed to this Court pursuant to 28 U.S.C. § 1441 on the basis that it arises, in part, under the laws of the United States, namely 29 U.S.C. § 12101 *et seq*. (*Id*. at ¶ 4).

### B. Factual background

Plaintiff, Joel C. Conway, began working for Defendant, the Davey Tree Expert Company, during or about the spring of 2012. (ECF No. 1-2, Compl. ¶ 4). Conway's right leg had been amputated as a result of a logging accident on or about January 18, 2000. (*Id.* at ¶ 3).

During the early part of July, 2012, Conway was instructed by his foreman to have his crew spray an area with chemicals near Hannah Furnace Road, in Centre County, Pennsylvania, to kill weeds and brush on electrical transmission lines. (*Id.* at ¶¶ 7–8). The order to spray the area with heavy chemicals was confirmed by Conway's immediate

supervisor, Mr. Mike Shatz. (*Id.* at ¶ 9). After the spraying had been completed, Conway was informed that the area was a Wildlife Protected Area, which neither Conway nor his crew had been aware of before. (*Id.* at ¶¶ 10–11). Conway was subsequently fired from his job for having sprayed a Wildlife Protected Area. (*Id.* at ¶ 13). The Complaint asserts that Conway's general supervisors had been aware that the area was a Wildlife Protected Area, and that they intentionally sent him to spray the area so that they could fire him. (*Id.* at ¶¶ 12, 14). Conway believes that his supervisors used the spraying incident to cover up the real reason why they wished to terminate his employment, namely his right leg disability. (*Id.* at ¶ 15).

Count I of the Complaint asks for lost wages, damages and counsel fees as a result of Davey Tree's violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (*Id.* at 5).

Count II of the Complaint requests lost wages, damages, counsel fees, and costs as a result of Davey Tree's violation of the Pennsylvania Human Relations Act, 43 P.S. §§ 951–963.

### IV. Standard of Review

Davey Tree moves to dismiss Conway's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or portion of a complaint for failure to state a claim upon which relief can be granted. Fed.

R. Civ. P. 12(b)(6). Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F.3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet*, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes

the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

**V.  Discussion**

**A.  ADA Claim**

Conway brings a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, alleging that Davey Tree expert used his spraying of a Wildlife Protected Area as a cover for its real reason for firing him, namely his disability. (ECF No. 1-2, Compl. ¶¶ 14–15).

Conway initially filed a charge with the EEOC, which was dismissed on April 26, 2013. (ECF No. 9 at 2). Davey Tree alleges that Conway was informed at the time that he had 90 days in which to bring suit against Davey Tree regarding his ADA claim. (*Id.*, citing Dismissal and Notice of Rights, Exh. A). Conway filed suit against Davey Tree on April 10, 2014. (*Id.*) Defendant removed the action to this Court on May 1, 2014. (*Id.*)

A plaintiff seeking to file suit in federal court under Title VII must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and must receive from the EEOC a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(l); *Trevino-*

5

*Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 879 (3d Cir.1990). The plaintiff has 90 days from the date on which he or she receives the letter to file a civil action in federal court. *Mosel v. Hills Dep't Store*, 789 F.2d 251, 253 (3d Cir.1986) (holding plaintiff's complaint untimely because filed 91 days after receipt of right-to-sue letter). It is presumed that the date of receipt of a right-to-sue letter is three days after its mailing. *See* Fed. R. Civ. P. 6(e); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984). "The on-set of the 90–day period is generally considered to be the date on which the complainant receives the right-to-sue letter." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir.1999); *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 252 (3d Cir.1986) (per curiam)).

The Third Circuit has strictly construed the 90-day period, and "in the absence of some equitable basis for tolling, a civil suit filed even one day later is time-barred and may be dismissed." *Id.*, citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir.1999). "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). There are three principal, though not exclusive, situations in which a court may apply equitable tolling: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*

The regulations provide that "[t]he person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7

Conway filed the instant Complaint almost a year after the right-to-sue letter was mailed by the EEOC. (ECF No. 9-1 at 2). The right-to-sue letter states that it was mailed April 26, 2013. (*Id.*). The Complaint does not provide any reason why Conway waited nearly a year to file his complaint in the Court of Common Pleas. None of Conway's allegations fit one of the situations in which equitable tolling is permissible pursuant to *Oshiver*. In response to Davey Tree's motion to dismiss, Conway simply argues that the EEOC failed to send the letter to his residence at the time, and failed to send a copy to his Counsel of record. (ECF No. 16 at 5). Conway has not pled any facts that set forth a plausible explanation for why neither he nor his attorney received the right-to-sue letter, nor why neither of them followed up with the EEOC after not hearing back for an extended period of time.

The Court finds that the Complaint shall be dismissed because Conway has not alleged a basis for equitable tolling. When a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane* 213 F.3d at 115. The Court finds that Conway should be granted leave to amend his Complaint in order to address the deficiencies outlined above.

### B. The PHRA claim

Conway also brings a claim under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. §§ 951-963. Davey Tree moves to dismiss this claim on the basis that a plaintiff must exhaust all administrative remedies before seeking judicial relief pursuant to 43 Pa.C.S. §§ 959(a), 962. (ECF No. 9 at 3). Davey Tree argues that Conway's Complaint "contained no allegations with respect to his efforts to exhaust administrative remedies under the PHRA." (*Id.* at 2). Defendant argues that the mere filing of an EEOC charge, without an indication of dual filing, is insufficient to satisfy the exhaustion of administrative remedies requirement under the PHRA. (*Id.* at 3).

Conway argues in response thereto that he had exhausted his administrative remedies at both the state and federal level before filing the timely complaint in April of 2014. (ECF No. 16 at 6). According to Conway's brief, he filed a claim with the Pennsylvania Human Relations Commission ("PHRC") and received a case number of 201201518 for his complaint. (ECF No. 16 at 6). Conway further states that due to the PHRC's inability to serve the complaint on Davey Tree in Pennsylvania, it transferred the case to the EEOC on or about December 13, 2012. (*Id.*) Ultimately, Conway filed his complaint in the Court of Common Pleas in April of 2014. (*Id.* at 6).

To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC 180 days after the alleged act of discrimination. 43 Pa. S. §§ 959(a), 962. If a complainant invokes the procedures set forth in the PHRA, "that individual's right of action in the courts of the Commonwealth shall not be foreclosed." *Id.* at 962(c)(1). Further, "[i]f within one (1) year after the filing of a complaint with the

Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act." *Id.* The requirement to file with the PHRC is strictly enforced, and persons with cognizable claims under the PHRA must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 924 (3d Cir. 1997) (citations omitted). The filing requirement of the PHRA "allows the PHRC to use its specialized expertise to attempt to resolve discrimination claims without the parties resorting to court." *Id.*

The Third Circuit has confirmed that after one year has elapsed since the filing of a claim with the PHRC, a complainant may bring a court action regardless of whether or not he has received notice from the PHRC. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) (citing *Snyder v. Pennsylvania Ass'n of Sch. Retirees*, 566 A.2d 1235, 1240 (Pa. Super. 1989)).

The Court finds that Conway's Complaint has failed to allege exhaustion of administrative remedies pursuant to the requirements of the PHRA. The Court does not find that the claim should be dismissed on the mere basis that Conway had not received notice from the PHRC, as the case law establishes that a complainant may bring a suit after one year has elapsed from the date of filing with the PHRC. Conway's brief in opposition to the motion to dismiss alleges that he filed a claim with the PHRC, though he

9

does not provide the Court with evidence to support this assertion. The Court will grant leave to amend in order to allow Conway to replead his complaint and provide the Court with evidence of having failed a claim with the PHRC.

**VI.     Conclusion**

For the foregoing reasons, the Court will grant Conway leave to amend in order to address the deficiencies outlined above. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL C. CONWAY, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:14-cv-00082 |
| v. | ) | |
| | ) | Judge Kim R. Gibson |
| DAVEY TREE EXPERT COMPANY | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## ORDER

And now, this 20th day of March, 2015, upon consideration of Defendant's motion to dismiss for failure to state a claim (ECF No. 8), **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

The Plaintiff is granted twenty-one (21) days from the date of this order to file an amended complaint.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE